UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(BOSTON, MA)

RECEIPT # 321-53847
AMOUNT $ 150.00
SUMMONS ISS. 4
LOCAL RULE 4.1
WAIVER OF SERV.
MCF ISSUED
AO 120 OR 121
BY DPTY CLK.
DATE 2-17-04

**ADE GEORGE OYEGBOLA,**
**Petitioner/Plaintiff**

vs.

**TOM RIDGE,** Secretary, DHS
**JOHN ASHCROFT,** Attorney General, USDOJ
**EDUARDO AQUIRRE JR.,** Director, USCIS
**DENNIS RIORDAN,** District Director-Boston, USCIS
**Respondents/Defendants**

Civil Action
No. 04-10318

**USCIS # A028-408-457**

Referred to MJ RB Collings

**PETITION FOR HEARING ON NATURALIZATION APPLICATION**
**and**
**COMPLAINT FOR MANDAMUS, DECLARATORY AND INJUNCTIVE RELIEF**

I. INTRODUCTION

1. Petitioner/Plaintiff, ADE GEORGE OYEGBOLA, Pro Se, hereby petition this court pursuant to Title 8 United States Codes §1447(b) for a judicial hearing on Naturalization Application for which the Boston Office of the USCIS has inordinately delayed adjudication. This petition challenges the failure of the USCIS to make a decision over 985 days after a hearing was conducted by the USCIS pursuant to Title 8 U.S.C. §1447(a)

2. This is an action for relief pursuant to law including the US Constitution, Mandamus Act (28 U.S.C §1361), Declaratory Judgment Act (28 U.S.C §2201), and the

Administrative Procedures Act. (5 U.S.C §551 et seq.) This action challenges the unreasonable delays in adjudicating petitioner's request for hearing on decision naturalization under 8 U.S.C §1447(a); and 8 C.F.R §336 pending before the USCIS since May 22, 2001.

II. JURISDICTION

3. This Court has subject matter jurisdiction over this petition, the Respondents having failed to comply with 8 U.S.C. §1447(b) to make a determination within 120 days after conducting a hearing.

4. This is a civil action, brought pursuant to 28 U.S.C. §1391 and §1361, to redress the rights, privileges, and immunities secured by Petitioner, by which status jurisdiction is conferred, and to compel Respondents to perform a duty Respondents owe to the Petitioner. This Court may grant relief in this action under 28 U.S.C. §1361 (Mandamus Act); 28 U.S.C. §1651 (All Writs Act); 28 U.S.C. §2201 (Declaratory Act); and under 5 U.S.C. §701 et seq. (Administrative Procedures Act) This action challenges only the Respondents' timeliness in adjudicating, not the granting or denial of the Petitioner's naturalization application.

5. There are no administrative remedies available to Petitioner to redress the grievances described herein.

III. VENUE

6. Venue is proper in this case pursuant to 8 U.S.C. §1447(b), this is the United States District Court within which the petitioner resides; and pursuant to 28 U.S.C. §1391(e), this is an action against officers of the United States in their official capacities, brought in the District where the USCIS conducts business and where every one of the events or omissions giving rise to this claim occurred.

IV. PARTIES

7. Petitioner ADE GEORGE OYEGBOLA is a lawful permanent resident of the United States and has resided in the state of Massachusetts at all relevant times in this action. The petitioner appears before this honorable court in his own behalf.

8. Respondent TOM RIDGE is the Secretary of Department of Homeland Security. Secretary Ridge, pursuant to 8 U.S.C. §1103 is charged with, among other matters, administering the USCIS by implementing and enforcing the

Immigration and Nationality Act. As such, he has ultimate decision-making authority over the matters alleged in this petition.

9. Respondent JOHN ASHCROFT is the Attorney General of the United States. Pursuant to 8 U.S.C. §1103, he is charged with controlling determination of all issues of law pertaining to immigration and with representing the United States of America in various legal matters before this Court.

10. Respondent EDUARDO AGUIRRE, Jr., is the Director of USCIS of the DHS. In his capacity as the Director of USCIS, Mr. Aguirre is responsible for the lawful administration of immigration benefits and services including adjudication of naturalization applications. As such, he has decision-making authority over the matters alleged in this petition.

11. Respondent DENNIS RIORDAN is the Director of the Boston District of USCIS of the DHS. In his capacity as the Boston District Director of USCIS, Mr. Riordan is responsible for the lawful administration of immigration benefits and services including adjudicating naturalization applications. As such, he has decision-making authority over the matters alleged in this petition.

V. EXHAUSTION OF REMEDIES

12. Petitioner has exhausted his administrative remedies. Petitioner, has, submitted all the necessary requirements and additional documentation requested by the USCIS.

VI. STATEMENT OF RELEVANT FACTS

13. On February 25, 1988, Petitioner was admitted as a Lawful Permanent Resident Alien of the United States.

14. On February 25, 1997, after living continuously in the United States as a legal permanent resident for over 5 years as required under INA 8 U.S.C. §1427(a), Petitioner submitted his application to become a naturalized citizen to the INS (now the USCIS). (Exhibit 1)

15. On June 20, 2000, *about 1,200 days after acknowledgement of the application and after numerous enquiries and visits to the USCIS office in Boston,* Petitioner was scheduled for fingerprinting at the USCIS service center in Boston. (Exhibit 2)

16. On October 23, 2000, *about 125 days after fingerprinting,* Petitioner appeared for examination before an Officer of the USCIS Boston District Office. During this

examination, petitioner took and passed the tests required pursuant to INA 8 U.S.C §1427. At the close of the examination, the INS Officer concluded that: "A decision cannot yet be made about your application." (Exhibit 3)

17. On February 05, 2001, *105 days after examination,* Petitioner's application for naturalization was denied for the following reason:

> "failure to establish good moral character" based on Title Eight section 316.10(b)(1)(ii) of the Code of Federal Regulations which states that an application will not be approved if an applicant has been convicted of an aggravated felony as defined in section 101(a)(43) of the Act on or after November 29, 1990."

(Exhibit 4)

18. On February 21, 2001, pursuant to 8 U.S.C. §1447(a) and 8 C.F.R. §336, Petitioner filed Form N-336 to "Request for Hearing on a Decision Naturalization Proceedings Under Section 336 of the Act" before a USCIS Officer. (Exhibit 5)

19. On May 22, 2001, *90 days after the N-336 request for hearing,* Petitioner attended a hearing conducted under section 336 at the USCIS office in Boston. After taking testimonies from the Petitioner, the Hearing Officer claimed that he could not make a decision because he cannot

find petitioner's certified court records of conviction in the file, therefore, he requested that:

> "Please submit certified court records from Clerk of Court, U.S District Court in Boston regarding all charges relating to bank fraud and misapplication of bank funds against you." "Reply by June 22, 2001"

(Exhibit 6)

20. On May 25, 2001, Petitioner hand delivered to the USCIS Boston Office, certified copies of various documents filed during the case and court docket record.

21. On March 26, 2002, *330 days after submitting all required documents to the USCIS,* while returning to United States after a business trip abroad, Petitioner was asked during his entry inspection whether he had ever been convicted of a crime in the United States. Petitioner answered in the affirmative. After some considerations, the decision on petitioner's admission was deferred at the airport and petitioner was asked to report to the USCIS Office in Boston to complete his inspection. (Exhibit 7)

22. On April 25, 2002, after a brief interrogation, the USCIS Boston Office issued a Notice to Appear against petitioner as an inadmissible LPR alien, charging that:

> "…it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law: Section 212(a)(2)(A)(i)(I) of the Immigration and nationality Act..."

(Exhibit 8)

23. On September 19, 2002, pursuant to section 212(c) of the INA, Petitioner filed an application for relief before the Immigration Court having jurisdiction of the removal proceeding instituted by the USCIS.

24. On June 6, 2003, Immigration Judge Leonard I Shapiro conducted a hearing on petitioner's application for 212(c) relief. After thorough examination by the Judge and attorney for the USCIS, the Court granted petitioner's request for relief under section 212(c) of the INA and terminated the removal proceedings. (Exhibit 9)

25. On November 3, 2003, *892 days after submitting all required documents to the USCIS,* Petitioner filed another request for status inquiry with the USCIS and served a notice of intent to seek court redress to the following Officers of the Service: Boston District Director USCIS and District Counsel, USCIS Boston Office. (Exhibit 10)

26. Between December 4, 2003 and February 12, 2004, Petitioner made further efforts to get a decision or in the least a status of the application from the USCIS to no avail. Specifically, Petitioner contacted the Office of his Congressman Stephen Lynch and Henry Hanley of the Boston

USCIS District Counsel's Office, none of which were able to obtain any status on petitioner's application.

VII. INJURY TO PETITIONER

27. In denying Petitioner's naturalization application on February 05, 2001, the USCIS claimed petitioner's "conviction occurred on January 31, 1991." This finding was clearly erroneous both as a matter of fact and law, as subsequent documents used by the USCIS in other proceedings clearly established that petitioner's date of conviction was November 05, 1990.

28. The USCIS Hearing Officer that conducted the hearing pursuant to 8 U.S.C. §1447(a) acted in bad faith and with callous disregard of law when he asked petitioner to produce "certified court records from Clerk of Court, U.S District Court in Boston regarding all charges relating to bank fraud and misapplication of bank funds." The documents presented by the USCIS during petitioner's removal proceedings clearly established that the USCIS had in its possession a certified court record of petitioner's conviction dated February 25, 1991. (Exhibit 11)

29. The Petitioner's application for naturalization has been pending before the USCIS for over 2,400 days and

over 985 days since the hearing conducted pursuant to 8 U.S.C. §1447(a)

30. Citizenship conveys many benefits over LPR status. Citizens may vote; they may apply for and receive a United States passport; they cannot be deported from the United States; they may travel freely into and out of the United States without been subjected to admissibility review; they may hold many jobs that are restricted to United States citizens; and they may run for public office. Further, a naturalized citizen may petition to immigrate family members, including elderly parents, as "immediate relatives," thus eliminating many long waiting periods. 8 U.S.C. §1151 (b)(2)(A)(i). Respondents' unreasonable delay in adjudicating the application has deprived Petitioner of the above listed benefits.

## VIII. GROUNDS FOR RELIEF

31. The Respondents have clearly exceeded the bounds of reasonableness in the time for adjudication of petitioner's application for naturalization.

32. Respondents, despite having a duty to act within reasonable time, have failed to process and adjudicate Petitioner's application in a timely manner.

33. Respondents' duty to process Petitioner's application and adjudicate "within a reasonable time" is a non-discretionary duty mandated by federal law and judicial precedent.

34. Respondent's conduct in failing to make a final decision in this case, *985 days after conducting a hearing,* is grossly unreasonable and amounts to dereliction of duty.

35. Respondents willful unreasonable delay and refusal to adjudicate Petitioner's application is illegal and unjust.

COUNT I
PETITION FOR HEARING ON NATURALIZATION APPLICATION UNDER 8 USC §1447(b)

36. Petitioner incorporates the allegations contained in Paragraphs 13 through 30 as if alleged herein.

37. Respondents have failed to render a decision 120 days after conducting a hearing in pursuant to 8 U.S.C. §1447(a).

38. Title 8 U.S.C. §1447(b) states that "If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States

district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."

COUNT II
MANDAMUS ACTION 28 U.S.C §1361

39. Petitioner incorporates the allegations contained in Paragraphs 13 through 30 as if alleged herein.

40. Respondents are charged with the mandatory responsibility of administering and implementing the Immigration and Nationality Act.

41. Respondents bear sole responsibility for timely adjudication of applications for naturalization. 8 U.S.C §1421(a)

42. Respondents have failed to discharge their mandated duties.

43. As a result, Petitioner has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

44. Petitioner has exhausted all possible administrative remedies and there exists no other adequate remedy.

45. The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner. 28 U.S.C. §1361

COUNT III
ADMINISTRATIVE PROCEDURES ACT (5 U.S.C. §702 et seq.)

46. Petitioner incorporates the allegations contained in Paragraphs 13 through 30 as if alleged herein.

47. By failing to render timely decision on Petitioner's application, Respondents have violated the Administrative Procedures Act and this constitute agency action that is arbitrary and capricious, and not in accordance with law. 5 U.S.C. §701 et seq., 702, 706 ("…agency action unlawfully withheld or unreasonably delayed" under §706(1)) and 5 U.S.C. §555.

48. Respondents have failed to discharge their statutory duties.

49. As a result, Petitioner has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

50. Petitioner has exhausted all possible administrative remedies and there exists no other adequate remedy.

COUNT IV
FEES AND COURT COSTS
Equal Access to Justice Act (28 U.S.C. §2412 (d)(1)(A))

51. Petitioner incorporates the allegations contained in Paragraphs 13 through 30 as if alleged herein.

52. Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United states fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. §2412 (d)(1)(A).

53. Upon acceptance of jurisdiction over Petitioner's naturalization application or the issuance of a writ of mandamus against one or all Respondents, Petitioner will be

a "prevailing party" and will be entitled to recover fees and costs of this Court for this action.

IX PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully prays that the honorable Court grant the following relief:

i. Assume jurisdiction over Petitioner's application for naturalization pursuant to 8 U.S.C §1421(c);

ii. Declare that the Respondents' failure to act is illegal, arbitrary, capricious and egregious dereliction of duty;

iii. Compel Respondents and those acting under them to perform their duty to act upon the Petitioner's applications for naturalization;

iv. Grant attorneys fees and costs of court; and

v. Grant such other and further relief as this Court deems proper under the circumstance.

Dated: February 17, 2004

RESPECTFULLY SUBMITTED,

Ade George Oyegbola
Petitioner, Pro Se
46 Birchwood Road U417
Randolph, MA 02368
Phone: (781) 963 0304
Email: Oyegbola@lancorltd.com

X. CERTIFICATE OF SERVICE

On this 17th day of February, 2004, I, Ade George Oyegbola, the undersigned, served the within:

PETITION FOR HEARING ON NATURALIZATION APPLICATION and/or COMPLAINT FOR MANDAMUS, DECELATORY AND INJUNCTIVE RELIEF

on each person/entity listed below addressed as follows:

1. **HAND DELIVERED**
   **Michael J. Sullivan**, United States Attorney
   United States Attorney's Office
   John Joseph Moakley Courthouse
   1 Courthouse Way
   Boston, MA 02210

2. By Certified Mail # **7003 0500 0004 4005 3063**
   **John Ashcroft**, Attorney General
   United States Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, DC 20530-0001

3. By Certified Mail # **7003 0500 0004 4005 3070**
   **Tom Ridge**, Secretary
   Office of General Counsel
   U.S. Department of Homeland Security
   Washington, DC 20258

4. By Certified Mail # **7003 0500 0004 4005 3087**
   **Eduardo Aguirre, Jr.**, Director
   U.S. Citizenship and Immigration Services
   425 Eye Street, NW
   Washington, DC 20536

5. By Certified Mail # **7003 0500 0004 4005 3094**
   **Dennis Riordan**, District Director
   Boston District Office
   U.S. Citizenship and Immigration Services
   John F. Kennedy Federal Building
   Government Center
   Boston, MA 02203

6. By Certified Mail # **7003 0500 0004 4005 3100**
   **General Counsel**

Office of General Counsel
U.S. Department of Homeland Security
Washington, DC 20258

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of February, 2004

Ade George Oyegbola
Petitioner, Pro Se

XI. EXHIBITS

Exhibit 1. Petitioner's Application for Naturalization (Form N-400)

Exhibit 2. Fingerprint Application Worksheet

Exhibit 3. Naturalization Interview Results

Exhibit 4. Decision on Application for Naturalization

Exhibit 5. Request for Hearing on a Decision Naturalization Proceedings Under Section 336 of the Act.

Exhibit 6. Form N-14 Request for additional Information

Exhibit 7. Form G-56 Notice to appear for Deferred Inspections

Exhibit 8. Notice to Appear in Removal Proceedings

Exhibit 9. Order of Immigration Judge Terminating Removal Proceedings

Exhibit 10. Letter to Boston District Director and attached 2nd Status Inquiry request.

Exhibit 11. Certified Court Record dated February 25, 1991