UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(BOSTON, MA)

| | |
|---|---|
| **ADE GEORGE OYEGBOLA,**<br>                             **Petitioner**<br><br>vs.<br><br>**TOM RIDGE,** Secretary, DHS<br>**JOHN ASHCROFT,** Attorney General, USDOJ<br>**EDUARDO AQUIRRE JR.,** Director, USCIS<br>**DENNIS RIORDAN,** District Director-Boston, USCIS<br>                             **Respondents** | **CV-04-10318-RGS**<br><br>**USCIS # A028-408-457** |

**AMENDED**
**PETITION FOR HEARING ON NATURALIZATION APPLICATION**

I.   INTRODUCTION

    1.   Petitioner, ADE GEORGE OYEGBOLA, <u>Pro Se</u>, hereby petition this court pursuant to Title 8 United States Codes §1421(c) for a judicial review of Naturalization Application that was denied by the USCIS on May 13, 2004. This petition challenges the decision of the USCIS to deny Petitioner's naturalization application.

II.  JURISDICTION

    2.   This Court has subject matter jurisdiction over this petition, in pursuant to Title 8 U.S.C. §1421(c).

III. VENUE

3. Venue is proper in this case pursuant to 8 U.S.C. §1421(c), this is the United States District Court within which the petitioner resides.

IV. PARTIES

4. Petitioner ADE GEORGE OYEGBOLA is a lawful permanent resident of the United States and has resided in the state of Massachusetts at all relevant times in this action. The petitioner appears before this honorable court in his own behalf.

5. Respondent TOM RIDGE is the Secretary of Department of Homeland Security. Secretary Ridge, pursuant to 8 U.S.C. §1103 is charged with, among other matters, administering the USCIS by implementing and enforcing the Immigration and Nationality Act. As such, he has ultimate decision-making authority over the matters alleged in this petition.

6. Respondent JOHN ASHCROFT is the Attorney General of the United States. Pursuant to 8 U.S.C. §1103, he is charged with controlling determination of all issues of law pertaining to immigration and with representing the United States of America in various legal matters before this Court.

7. Respondent EDUARDO AGUIRRE, Jr., is the Director of USCIS of the DHS. In his capacity as the Director of USCIS, Mr. Aguirre is responsible for the lawful administration of immigration benefits and services including adjudication of naturalization applications. As such, he has decision-making authority over the matters alleged in this petition.

8. Respondent DENNIS RIORDAN is the Director of the Boston District of USCIS of the DHS. In his capacity as the Boston District Director of USCIS, Mr. Riordan is responsible for the lawful administration of immigration benefits and services including adjudicating naturalization applications. As such, he has decision-making authority over the matters alleged in this petition.

V.   EXHAUSTION OF REMEDIES

9. Petitioner has exhausted his administrative remedies. The decision issued by the USCIS on May 13, 2004 constitutes final administrative action.

VI.  STATEMENT OF RELEVANT FACTS

10. On February 25, 1988, Petitioner was admitted as a Lawful Permanent Resident Alien of the United States.

11. On February 25, 1997, after living continuously in the United States as a legal permanent resident for over 5 years as required under INA 8 U.S.C. §1427(a), Petitioner submitted his application to become a naturalized citizen to the INS (now the USCIS). (Exhibit 1)

12. On October 23, 2000, Petitioner appeared for examination before an Officer of the USCIS Boston District Office. During this examination, petitioner took and passed the tests required pursuant to INA 8 U.S.C §1423. At the close of the examination, the INS Officer concluded that: "A decision cannot yet be made about your application." (Exhibit 2)

13. On February 05, 2001, Petitioner's application for naturalization was denied for the following reason:

> "failure to establish good moral character" based on Title Eight section 316.10(b)(1)(ii) of the Code of Federal Regulations which states that an application will not be approved if an applicant has been convicted of an aggravated felony as defined in section 101(a)(43) of the Act on or after November 29, 1990....
>
> ...According to the documentation you submitted in support of your application, you were convicted on January 31, 1991 …"

(Exhibit 3)

14. On February 21, 2001, pursuant to 8 U.S.C. §1447(a) and 8 C.F.R. §336, Petitioner filed Form N-336 to "Request for Hearing on a Decision Naturalization

Proceedings Under Section 336 of the Act" before a USCIS Officer.

> Petitioner challenged the USCIS' definition of "date of conviction" as applied to his criminal record from the United States District Court for the District of Massachusetts.

(Exhibit 4)

15. On May 22, 2001, Petitioner attended a hearing conducted under section 336 at the USCIS office in Boston.

16. On February 17, 2004, Petitioner filed an original Petition for Hearing on Naturalization Application and Complaint for Mandamus, Declaratory and Injunctive Relief, alleging inordinate delay in adjudication by the USCIS.

17. On May 13, 2004, the USCIS issued a final administrative decision, to wit:

> A review of your application and supporting documents and evidence shows that, on November 5, 1990, you changed your plea from not guilty to guilty on both counts of misapplication of bank funds. The court accepted the plea changes and on January 22, 1991, imposed a twenty-one (21) month prison term, to be followed by twenty-four (24) months of supervised probation and a special assessment of $100.
>
> Your actual date of conviction on the aggravated felonies – the date the judge "ordered some form of punishment, penalty, or restraint on the alien's liberty" – therefore, was January 22, 1991. As such you are not eligible for naturalization, since the aggravated felony convictions in question occurred after November 29, 1990.

>       Accordingly, the original decision of February 5,
>       2001, to deny your application, has been
>       affirmed. This action constitutes a final
>       administrative denial of your naturalization
>       application.

(Exhibit 5)


VII. BASIS FOR THIS PETITION

   18.  In affirming the denial of Petitioner's naturalization application on May 13, 2004, the USCIS claimed petitioner's "date of conviction is January 22, 1991" therefore, petitioner cannot establish good moral character

   19.  Title 8 C.F.R. §316.10(b)(1)(ii) states that an application will not be approved if an applicant has been convicted of an aggravated felony as defined in section 101(a)(43) of the Act on or after November 29, 1990.

   20.  Title 8 U.S.C. §1101(a)(48)(A) defines the term "conviction" to mean, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where …

   21.  The determination of the USCIS that the actual date of conviction is "the date the judge 'ordered some form of punishment, penalty, or restraint on the alien's liberty'" is clearly erroneous as a matter of law.

21. It is undisputed that Petitioner pleaded guilty and the Court accepted his guilty pleas on November 5, 1990, therefore, Petitioner's date of conviction is November 5, 1990 and Petitioner is not barred from establishing good moral character for naturalization. (Exhibit 6)


VIII. APPLICATION FOR JUDICIAL REVIEW DE NOVO

22. A person whose application for naturalization is denied, after a hearing before an immigration officer under 8 U.S.C. §1447(a) may seek review of such denial before the United States District Court for the district in which such person resides. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application. 8 U.S.C. §1421(c)

23. The Petitioner's naturalization application was denied by the USCIS on May 13, 2004.

24. An applicant for naturalization is required to demonstrate understanding of English language, history, principles and form of government of the United States. 8 U.S.C. §1423(a)

25. There is no dispute that Petitioner demonstrated the elementary level of reading, writing and understanding of English, and the fundamentals of U.S. history and government as required by Title 8 U.S.C. §1423(a) during the hearings conducted by USCIS.

26. An applicant for naturalization is required to meet all the requirements of naturalization pursuant to Title 8 U.S.C. §1427(a)

27. There is no dispute that Petitioner has been a lawful permanent resident for at least five years before applying for naturalization.

28. There is no dispute that Petitioner has resided for at least three months within the state in which the naturalization application was filed.

29. There is no dispute that Petitioner has been physically present in the United States for at least half of the prescribed five year period and resided continuously within the United States from the time the application was filed until the USCIS decision on May 13, 2004.

30. There is no dispute that Petitioner has not been absent from the U.S. for a continuous period of more than one year during the continuous residence period.

31. The USCIS cannot dispute that Petitioner has been a person of "good moral character" for the requisite five

years. The Immigration Court sitting in Boston granted Petitioner's application for 212(c) relief on the merits on June 3, 2003.

32. Petitioner disputes the interpretation of the USCIS that his date of conviction in the United States District Court for the District of Massachusetts was January 22, 1991, therefore, Petitioner is barred from establishing "good moral character."

IX. GROUNDS FOR RELIEF

33. Petitioner has met all the requirements imposed by the laws of the United States as contained in the INA. 8 U.S.C. §1423 and 8 U.S.C. §1427

34. Citizenship conveys many benefits over LPR status. Citizens may vote; they may apply for and receive a United States passport; they cannot be deported from the United States; they may travel freely into and out of the United States without been subjected to admissibility review; they may hold many jobs that are restricted to United States citizens; and they may run for public office. Further, a naturalized citizen may petition to immigrate family members, including elderly parents, as "immediate relatives," thus eliminating many long waiting periods. 8 U.S.C. §1151 (b)(2)(A)(i). Respondents' erroneous

application of the law has deprived Petitioner of the above listed benefits.

X.   PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully prays that the honorable Court grant the following relief:

   i.   Declare that Petitioner's date of conviction for determining eligibility for naturalization is November 5, 1990.

   ii.  Declare that Petitioner is not barred from establishing good moral character and is eligible for naturalization;

   iii. Reverse the decision of the USCIS and approve Petitioner's naturalization application;

   iv.  Grant attorneys fees and costs of court; and

   v.   Grant such other and further relief as this Court deems proper under the circumstance.

Dated: May 20, 2004

RESPECTFULLY SUBMITTED,

_____
Ade George Oyegbola
Petitioner, <u>Pro Se</u>
46 Birchwood Road U428
Randolph, MA 02368
Phone: (781) 963 0304
Email: Oyegbola@lancorltd.com

XI.  EXHIBITS

Exhibit 1.    Petitioner's Application for Naturalization (Form N-400)

Exhibit 2.    Naturalization Interview Results

Exhibit 3.    Decision on Application for Naturalization

Exhibit 4.    Request for Hearing on a Decision Naturalization Proceedings Under Section 336 of the Act.

Exhibit 5.    Final Administrative Decision on Application for Naturalization

Exhibit 6.    Certified Court Record dated February 25, 1991

## CERTIFICATE OF SERVICE

I, Ade George Oyegbola, certify that on May 20, 2004, I caused a copy of the foregoing Amended Petition to be served by "Hand Delivery" to Michael P. Sady, AUSA, at U.S. Attorney's Office John Joseph Moakley U.S. Courthouse, Suite 9200 Boston, MA 02210

_____
Ade George Oyegbola
Petitioner, Pro Se