UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ADE GEORGE OYEGBOLA, | ) |
| Petitioner, | ) |
|  | ) C.A. NO. 04-10318-RGS |
| v. | ) |
| TOM RIDGE, Secretary, JOHN ASHCROFT, Attorney General; EDUARDO AQUIRRE JR., Director of USCIS; DENNIS RIORDAN, District Director-Boston, USCIS, | ) |
| Respondents. | ) |

RESPONDENTS' MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS PETITION

I. FACTS

Petitioner was admitted as a lawful permanent resident alien of the United States on February 25, 1988. See Petitioner's Amended Petition For Hearing on Naturalization Application ("Amended Petition"), p. 3, ¶10. On November 5, 1990 Petitioner pled guilty to a two count aggravated felony indictment for misappropriation of bank funds in the amount of $178,960. Id., Exhibit 3, p. 2. On January 22, 1991 Petitioner was sentenced by this Court to 21 months imprisonment and 24 months of supervised release. Id. See also Mem. of Points and Authorities in Supp. of Petitioner's Motion for Judgment by Default Fed. R. Civ. P Rule 55 ("Memorandum of Points"), p. 3.

1

Petitioner applied to become a naturalized citizen on February 25, 1997. See Amended Petition, p. 4, ¶11. Petitioner's application for naturalization was denied on February 5, 2001 for "failure to establish good moral character." Id., p. 4, ¶13. Said failure was "based on Title Eight section 316.10(b)(1)(ii) of the Code of Federal Regulations which states that an application will not be approved if an applicant has been convicted of an aggravated felony as defined in section 101(a)(43) of the Act on or after November 29, 1990." Id. (emphasis added).

Under the INA § 101(a)(48)(A), the term "conviction" as used therein is defined as:

> a formal judgment of guilt of an alien entered by a court, or, if adjudication of guilt has been withheld, where—
>
> (i)   a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
>
> (ii)  the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

INA § 101(a)(48)(A)[1]

---

[1] The parties are in agreement that INS §101 (a) (48) (A), as amended, 8 U.S.C. § 1101 (a) (48)(A), governs the definition of "conviction" for purposes of this Petition. See Amended Petition, p. 6, ¶20. As a brief historical note, Congress enacted the Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, Stat. 3009-546 which, among other things, added §1101(a)(48)(A) and its definition of "conviction" to the INA for purposes of maintaining a uniform definition of that term for immigration purposes. See, Herrera-Iniro v. INS, 208 F3d. 299, 305 (1st Cir. 2000). "Though enacted after the relevant conduct, this definition governs the Petition. See IIRIRA § 322(c) ('EFFECTIVE DATE.– The amendments made by subsection (a) shall apply to convictions and sentences entered before, on. or after the date of enactment of the Act.')." Griffiths v. INS, 243 F.3d 45, 50 (1st Cir. 2001).

On February 21, 2001, Petitioner requested a hearing on his request for naturalization before a U.S. Citizenship and Immigration Services ("USCIS") officer, wherein he challenged the agency's previous finding that the date of "conviction" which the USCIS applied to Petitioner's criminal record was January 22, 1991, the date of sentencing, not November 5, 1990, the date he pled guilty to aggravated felony. Id., pp. 4-5, ¶14. The USCIS issued a final administrative decision on May 13, 2004, which also concluded that the Petitioner's actual date of "conviction" was January 22, 1991, the date on which the judge "ordered some form of punishment, penalty, or restraint on the alien's liberty." Id. at 5. Therefore, the Petitioner was "not eligible for naturalization, since the aggravated felony convictions in question occurred after November 29, 1990." Id.

## II. ARGUMENT

1. The USCIS's Interpretation Of The Definition Of "Conviction" Was Correct.

When a government agency makes an interpretation of a statute it administers, the courts traditionally defer to that interpretation. Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844 (1984). Here, the USCIS determined that, based on the explicit language in § 101(a)(48)(A) of the Immigration and Naturalization Act (INA), Petitioner was "convicted" on January 22, 1991; and, thus he was "not eligible for naturalization, since the aggravated felony convictions in question occurred after November 29, 1990." See Amended Petition, Exhibit 5, USCIS Decision on Naturalization Appeal Proceedings (May 13, 2004). In light of the unambiguous language enveloped in INA § 101(a)(48)(A), this Court should defer to the USCIS's decision that Petitioner was "convicted" on January 22, 1991 and dismiss the instant petition.

Generally speaking, courts "review *de novo* an agency's construction of a statute that it administers, subject, however, to established principles of deference." Herrera-Inirio v. INS, 208 F.3d at 304 (1st Cir. 2000) (citing INS v. Aguirre-Aguirre, 526 U.S. 415, 424-25 (1999)). However, "[i]f the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Chevron, 467 U.S. at 842-43.

Here, the definition of "conviction" established by Congress is clear and unambiguous. See Vieira Garcia v. INS, 239 F.3d 409, 413 (1st. Cir. 2001) (language of INA § 101(a)(48)(A) is unambiguous). Indeed, the statute enumerates two scenarios in which an alien is deemed to have been "convicted" for immigration purposes, that is, (i) where a formal judgment of guilt has been entered by the court, or (ii) where, as in this case for example, an alien has plead guilty and the judge has ordered some form of punishment, penalty or restraint on the alien's liberty. See INA § 101(a)(48)(A); Griffiths v. INS, 243 F.3d 45, 52 (1st Cir. 2001) (definition of "conviction" under INA § 101(a)(48)(A) has two alternate prongs for finding conviction of an alien). In the case at hand, under either prong referenced above, Petitioner stands convicted of aggravated felony on January 22, 1991, at the earliest, since the triggering events encompassed therein are either the date of judgment and/or the imposition of the sentence entered against him.

(i) First Prong

As acknowledged by Petitioner, it was not until January 22, 1991 that formal judgment of guilt had been entered by the court against him on his aggravated felony charges.[2] By its very

---

[2] Actually, Petitioner was sentenced to 21 months of imprisonment and 24 months of supervised release on January 22, 1991, while judgment was issued and Petitioner committed to the U.S. Marshal's on January 31, 1991. See Amended Petition, Exhibit 6, pp. 2-3.

terms, the statute holds, under the first prong, that the entry of formal judgment remains the date for "conviction" in the immigration context.  Indeed, the Petitioner's guilty plea was not enough to meet the requirements of the first prong.  According to Griffiths, supra, "[t]he structure of the statutory definition in § 101(a)(48)(A) requires that finding a formal judgment of guilt under the first prong of the definition entails a showing of something beyond a simple finding of guilt." 243 F.3d at 53.  Without more than a simple finding of guilt, "the reference in the second prong of the statute to deferred adjudications where either a judge or a jury has 'found the alien guilty' would be rendered superfluous."  Id. (quoting INA § 101(a)(48)(A)).  For a "formal judgement of guilt" to occur, "a judgement must 'set forth the plea, verdict or finding, the adjudication, and the sentence.'" Perez v. Elwood, 294 F.3d 552, 562 (3rd Cir. 2002) (quoting Fed. R. Crim. P 32(d)(1)).  Here,  the Petitioner was not sentenced until January 22, 1991, so, following the dictates of Griffiths and Perez, a "formal judgement of guilt" did not occur until at least January 22, 1991.

(ii) Second Prong

Assuming, arguendo, that adjudication of guilt was withheld[3], and therefore the second prong was applicable, the requirements of this prong were still not met until January 22,1991, the date this Court imposed some form of punishment (i.e., sentence).  Without undue repetition, the second prong "requires two elements--(i) some sufficient finding of support for a conclusion of guilt, and (ii) the imposition of some form of punishment--to find a "conviction" for immigration

---

[3]The second prong applies only to cases where "adjudication of guilt has been withheld." INA § 101(a)(48)(A).  Here, the judge did not withhold adjudication between November 5, 1990 and January 22, 1991; he simply accepted the Petitioner's guilty plea on November 5, 1990 and then imposed sentence on January 22, 1991, with entry of judgment following shortly thereafter.

purposes." Griffiths, 243 F.3d at 53 (2001) ; Vieira Garcia v. INS, 239 F.3d at 413 (2001) (noting that clear language of statute implicated where petitioner plead guilty and judge ordered punishment in the form of prison time).

As noted previously, to find a "conviction" under either prong, the courts generally look to the plain meaning of the statutory language, which this Circuit has unequivocally said "leaves nothing to the imagination." Herrera-Inirio v. INS, 208 F.3d at 304 (1st Cir. 2000).  See also Acosta v. Ashcroft, 341 F.3d 218, 226 (3rd Cir. 2003) ("other circuits that have considered the scope of Section 101(a)(48)(A) have followed the plain meaning of the statutory language"). Despite the above, Petitioner asks this Court to ignore the clear language of this statute (as well as the precedent interpreting the statute) and rely upon language he borrows from wholly inapposite cases, none of which deal with "conviction" in the immigration context. See Petitioner's Memorandum of Points, p. 9, citing Dickerson v. New Banner Institute, 460 U.S. 103  (1983)[4] and Kercheval v. United States, 274 U.S. 229 (1927).

Needless to say, these cases lend no support to Petitioner, since neither of them address the definition of  "conviction" in INA §101(a)(48)(A), nor do they find their roots in immigration law.  As Griffiths states, the IIRIRA definition of  "conviction" must govern for federal immigration purposes 243 F.3d at 50.  As a result, that court decided to "apply the plain meaning of that section, i.e., that an alien is considered convicted if a state 'judge or jury ... found the alien guilty' and 'the judge ... ordered some form of punishment, penalty, or restraint

---

[4] In fact, the Supreme Court in Dickerson noted that the term "conviction" does not have the same meaning in every federal statute, since in some statutes (as in that case) that term applies to one whose guilty plea has been accepted, while in other federal statutes "conviction" is triggered when a formal judgment has been entered (as in this case).  Id. at 113-114.

on the alien's liberty to be imposed.'" Id. (quoting INA § 101(a)(48)(A)). In an analogous case, Perez, supra, the Court rejected arguments similar to those raised by the Petitioner in this case, and held that a conviction does not occur until the court has ordered some form of punishment. 294 F.3d at 562. In light of the above, Petitioner stands "convicted" on January 22, 1991, not on the date he merely plead guilty - November 5, 1990.

    2. To The Extent There Is Ambiguity In The Statute, The Court Should Defer To The Agency's Determination.

Assuming for purposes of an argument that there is some ambiguity in the INA § 101(a)(48)(A) definition of "conviction," this Court should defer to the agency's determination. Indeed, when interpreting the INA it has been held that "the BIA should be afforded Chevron deference as it gives ambiguous statutory terms 'concrete meaning through a process of case-by-case adjudication.'" Aguirre-Aguirre, 526 U.S. at 425 (quoting INS v. Cardoza-Fonseca, 480 U.S. 421, 448 (1987)). "Since agency officials acting in the immigration context exercise especially sensitive political functions that implicate questions of foreign relations, deference to administrative expertise is particularly appropriate.'" Griffiths v. INS, 243 F.3d at 49 (1st Cir. 2001) (quoting Herrera-Inirio, 208 F.3d at 304). Thus, "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." Id. at 843. When assessing an agency's interpretation of a statute, courts do not need to conclude that the agency's interpretation is the only permissible interpretation, nor that it is the best interpretation. Chevron, 467 U.S. at 843. Instead, the court only must conclude that the agency's interpretation is reasonable and that it "considered the matter in a detailed and reasoned fashion." Id. at 865.

In <u>Mugalli v. Ashcroft</u>, for example, the Second Circuit had to determine whether "the BIA was entitled to deference with respect to its interpretation of §§ 1101(a)(43)(M)(i), 1101(a)(43)(U) and 1227(a)(2)(A)(iii), which provide for deportation of aliens for committing specified 'aggravated felonies.'" 258 F.3d 52, 56 (2nd Cir. 2001). The court determined that deference should be given, since "those statutory sections are part of the immigration laws that the INS administers." <u>Id.</u> In the case at hand, USCIS administers the immigration laws at issue in Petitioner's case; therefore, this court should as a general matter, give deference to the USCIS's decision.

Here, the USCIS clearly considered the Petitioner's "matter in a detailed and reasonable fashion." The USCIS's determination not only followed the unambiguous language of the statute involved, but it adheres to the vast legal authority in this circuit and elsewhere concerning the date a "conviction" is triggered for purposes of immigration law. In short, the USCIS' determination is reasonable, and following the dictates of <u>Chevron</u>, <u>supra</u>, this Court should give deference to the agency's determination.

III. <u>CONCLUSION</u>

Since both the first and second prong of the IIRIRA definition of "conviction" are not met until January 22, 1991, at the earliest, Petitioner's assertion that he was "convicted" as a result of his plea of guilty on November 5, 1990 is without merit. Thus, this Court should dismiss this mandamus petition.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney


By:  /s/ Michael P. Sady
      Michael P. Sady
      Assistant U.S. Attorney
      John J. Moakley U.S. Federal Courthouse
      Suite 9200
      Boston, MA 02210
      617-748-3100


## CERTIFICATION UNDER L.R. 7.1

Pursuant to Local Rule 7.1(a)(2), since plaintiff is pro se the parties have not conferred with regard to this motion.


## CERTIFICATE OF SERVICE

I certify that on July 22, 2004, I caused a copy of the foregoing Respondents' Motion to Dismiss Petition For Mandamus to be served by first class mail, postage pre-paid to Petitioner, 46 Birchwood Road, U417, Randolph, MA 02368.

        /s/ Michael P. Sady
        Michael P. Sady
        Assistant U.S. Attorney