UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(BOSTON, MA)

| | |
|---|---|
| **ADE GEORGE OYEGBOLA,** **Petitioner** vs. **TOM RIDGE**, Secretary, DHS **JOHN ASHCROFT**, Attorney General, USDOJ **EDUARDO AQUIRRE JR.**, Director, USCIS **DENNIS RIORDAN**, District Director-Boston, USCIS **Respondents** | **C.A.NO. 04-10318-RGS** USCIS # A028-408-457 |

**PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO "RESPONDENTS' MOTION TO DISMISS"**

I.   RELEVANT PROCEEDINGS BEFORE THE COURT

On February 17, 2004 Petitioner filed his Petition for Hearing on Naturalization Application and Complaint for Mandamus, Declaratory and Injunctive Relief, alleging Respondents inordinate delay in adjudicating his naturalization application.

On April 21, 2004 over Petitioner's objection, the Court allowed Respondents Motion for extension of time in

Page 1 of 17

which to respond. The Court order Respondents to file a response or otherwise defend by June 11, 2004.

On May 25, 2004 the Court allowed Petitioner's motion to amend the petition by substitution. The Amended Petition for Hearing on Naturalization Application was filed by the Clerk of Court on May 25, 2004.

On June 16, 2004 Petitioner submitted a "Request for Entry of Default" and affidavit in support against the Respondents for failure to file an answer by June 11, 2004. The entry of default is yet to enter against the Respondents.

On June 28, 2004 Petitioner filed a Motion for Judgment by Default and Memorandum of Points and Authorities in Support. Alleging that Respondents have failed to filed an answer or otherwise defend the action by June 11, 2004 as ordered by the Court, and without seeking an extension of time from the Court.

On June 29, 2004 Respondents filed a Motion in Opposition to Petitioner's Rule 55 Request. Respondents' asserts that "Under the Federal Rules if Civil Procedure, the United States has sixty (60) days to respond to said Amended Complaint."

On July 1, 2004 Petitioner filed a motion to strike "Respondents' Opposition to Petitioner's Rule 55 Request" from the records. Alleging that Respondents failed to comply with Local Rule 7.1(b)(2) by not specifying the actual Rule under Fed.R.Civ.P. that gives the United States sixty (60) days from the date of filing an amended complaint to answer or otherwise defend.

The Court is yet to rule on Petitioner's Request for Entry of Default, Petitioner's Motion for Judgment by Default, Respondents' Opposition to Rule 55 Request, and Petitioner's Motion to Strike Respondents' Opposition to Rule 55 Request.

II. FACTUAL OMMISSIONS BY RESPONDENTS

First, on November 5, 1990 Petitioner pled guilty to a two count indictment **and the Court accepted the guilty pleas on November 5, 1990**. See Exhibit 6, p.2 of the Amended Petition.

Second, on April 25, 2002 the USCIS placed Petitioner into removal proceeding by issuing a Notice to Appear charging that "**[y]ou were convicted on or about November 05, 1990** of Misapplication of Bank

Funds in violation of 18 U.S.C. 656 at the U.S. District Court in the District of Massachusetts." [1] (See Exhibit 8, Petition for Naturalization Application and Complaint for Mandamus...)

III. ARGUMENT

**(A) Respondents' purported "Motion to Dismiss for failure to state a claim" is without merit and should be denied.**

Although the Respondents "motion to dismiss" does not specifically refer to Fed.R.Civ.P. 12(b)(6), it seeks dismissal on the ground that the petitioner has failed to state a claim upon which relief may be granted. Therefore, it should be treated as a Rule 12(b)(6) motion.

In deciding a motion to dismiss for failure to state a claim, the well-pleaded factual allegations of the complaint are accepted as true, all reasonable inferences

---

[1] In fact, the USCIS has reviewed the same certified court records of Petitioner's criminal prosecution and applying their interpretation of INA §101(a)(48)(A) arrived at three different dates of conviction. (1) Decision issued on February 5, 2001 "you were convicted on January 31, 1991"(Exhibit 3 p.2 Amended Petition); (2) Notice to Appear issued on April 25, 2002 "you were convicted on or about November 05, 1990" (Exhibit 8 p.1 Original Petition); and (3) Decision issued on May 13, 2004 "Your actual date of conviction ... therefore, was January 22, 1991." (Exhibit 5 p.2 Amended Petition)

therefrom are drawn in the Petitioner's favor, and the court must determine whether the petition, so read, sets forth facts sufficient to justify recovery on any cognizable theory. TAG/ICIB Services, Inc. v. Pan-American Grain Co., Inc., 215 F.3d 172, 175 (1st Cir. 2000)

The facts alleged in Petitioner's Amended Petition, which for present purposes must be deemed as true is as follows: Petitioner applied for naturalization on February 25, 1997. The USCIS denied Petitioner's application on statutory grounds on May 13, 2004. The USCIS' action on May 13, 2004 constitutes final administrative action subject to de novo review by the Court pursuant to 8 U.S.C. §1421(c).

Title 8 U.S.C §1421(c) provides for de novo review of administrative denial of a naturalization petition. It provides:

> A person whose application for naturalization under this title is denied, after a hearing before an immigration officer ... may seek review of such denial before the United States district court for the district in which such person resides ... Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

Title 8 U.S.C. §1421(c)(2000)

The issue under Rule 12(b)(6) is not whether a petitioner will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. The First Circuit has established that "[w]e must accept the allegations of the complaint as true, and if, under any theory, the allegations are sufficient to state a cause of action in accordance with the law, we must deny the motion to dismiss." Vartanian v. Monsato Company, 14 F.3d 697, 700 (1st Cir. 1994)

Respondents purported "Motion to Dismiss for failure to state a claim" is without any merits and should be denied.

### (B) In the alternative, Respondents' "Motion to Dismiss" should be treated as Motion in Opposition to Petitioner's Motion for Judgment by Default.

Respondents' Memorandum of Law ("Resp. Memo.") in support of their motion to dismiss is characterized by references to Petitioner's Memorandum of Points and Authorities in Support of Motion for Judgment by Default. Indeed, the entire memorandum is a direct response to Petitioner's Motion for Judgment by Default.

As more fully developed below, Respondents Memorandum (1) failed to show good cause why their answer to the

petition was not filed on or before June 11, 2004; and (2) failed to establish any legal reason why Petitioner's Motion for judgment by default should not be granted.

### (1) Eligibility for Naturalization

In order to be eligible for naturalization, an applicant must be a person of good moral character. 8 U.S.C. §1427(a). Among other requirements, an applicant is deemed to lack good moral character if barred by statute. The statute at issue in this case is codified at 8 C.F.R. § 316.10(b)(1)(ii) which states that an application will not be approved if an applicant has been convicted of an aggravated felony as defined in §101(a)(43) of the Act on or after November 29, 1990. See also, Immigration Act of 1990 INA Pub.L.101-649 Subtitle A §509(a)

Thus an applicant whose conviction for aggravated felony occurred after November 29, 1990 is deemed statutorily ineligible for naturalization.

### (2) The Statutory Definition of the term "Conviction" as stated in 8 U.S.C. §1101(a)(48)(A) is clear and unambiguous

Respondents stated that "[i]n light of the unambiguous language enveloped in INA §101(a)(48)(A), this Court should defer to the USCIS's decision ..." (Resp. Memo. p.3)

While, concurring that the language of the statute is unambiguous. Respondents nonetheless ask this Court to defer to the interpretation of the term "conviction" as applied to this case by the USCIS.[2] Both parties here agree that the definition of the term "conviction" established by Congress and codified at 8 U.S.C. §1101(a)(48)(A) is clear and unambiguous.

The First Circuit has unequivocally concluded that the statutory language of 8 U.S.C. §1101(a)(48)(A) is "clear and unambiguous," Vieira Garcia v. INS, 239 F.3d 409, 413 (1st. Cir. 2001) (language of INA § 101(a)(48)(A) is unambiguous); Herrera-Inirio v. INS, 208 F.3d at 304 (1st Cir. 2000)("leaves nothing to the imagination.")

Therefore, the principle of deference is inapplicable to this case. The Court should review the statute de novo and apply the Court's own interpretation of the statute to the facts of this case.

---

[2] In three different occasions while reviewing Petitioner's criminal record, Respondents have issued three different dates of conviction. See Footnote 1

> **(3) The USCIS' decision rested on a legal interpretation that is arbitrary and manifestly contrary to the statutory language.**
>
> **(i) The Second Prong of 8 U.S.C. §1101(a)(48)(A) is inapplicable to this case.**

Respondents have failed to point out anywhere in the record where the presiding judge, during Petitioner's Federal criminal prosecution, "withheld adjudication of guilt." Therefore, the second prong of 8 U.S.C. §1101(a)(48)(A) is not applicable to this case.

> **(ii) The First Prong of 8 U.S.C. §1101(a)(48(A) is applicable to this case.**

The first prong of 8 U.S.C. §1101(a)(48)(A) states as follows:

> the term "conviction" as used therein is defined as: a formal judgment of guilt of an alien entered by a court, ...

The plain meaning of the statute's language is clear, unambiguous and conclusive. As stated previously and agreed to by the Respondents, the plain language of this statute "leaves nothing to the imagination." Id. Under the plain meaning of this statute Petitioner's date of conviction is November 5, 1990.

Petitioner pleaded guilty and the guilty pleas were accepted by the Court on November 5, 1990. An accepted

guilty plea is a formal judgment of guilt. In fact, the USCIS issued a charging document "Notice to Appear" stating that Petitioner was "convicted on or about November 05, 1990"

### (iii) Respondents' reliance on <u>Griffths v. INS</u>, 243 F.3d 45 (1st Cir. 2001) is unavailing.

Respondents asserted in interpreting the statute that "the Petitioner's guilty plea was not enough to meet the requirements of the first prong." Citing as authority <u>Griffths v. INS</u>, 243 F.3d 45 (1st Cir. 2001) (Resp. Memo. p.5) Respondents stated as follows:

> "[a]ccording to <u>Griffiths</u>, supra, '[t]he structure of the statutory definition in §101(a)(48)(A) requires that finding a formal judgment of guilt under the first prong of the definition entails a showing of something beyond a simple finding of guilt.' 243 F.3d at 53." (Resp. Memo. p.5)

Respondents' half sentence quotation is incorrect and misleading; the complete First Circuit sentence is as follows:

> "The structure of the statutory definition in § 101(a)(48)(A) requires that finding a formal judgment of guilt under the first prong of the definition entails a showing of something beyond a simple finding of guilt **such as in the case-filed situation**." 243 F.3d at 53 <u>Emphasis added</u>

Rule 32(d)(1) for immigration purposes. The Court stated: "We agree that it makes sense to define "formal judgment of guilt" by reference to Rule 32(d)(1)'s definition of "judgment of conviction." Perez v Elwood, 294 F.3d 552 (3rd Cir. 2002)

First, it is settled in this Circuit, that the plain language of INA §101(a)(48)(A) is clear and unambiguous.

Second, the Third Circuit itself is having substantial problems applying the interpretation of the phrase "formal judgment of guilt" as enumerated by the Court in Perez. See Ponnapula v. Ashcroft, ___ F.3d ___, 2004 WL 1433312 3rd Cir. (Pa) June 28, 2004 ("We cannot, of course, overrule Perez. ... See Ponnapula, 235 F. Supp. 2d at 399 n.6. To accommodate Perez we simply limit our holding to aliens convicted before the effective date of IIRIRA.") [4]

---

[4] The problem with the "accommodat[ion]" by the Ponnapula Court is that the Court effectively overruled Perez by concluding that Ponnapula's date of conviction was December 20, 1994, the date he was found guilty. To hold otherwise will mean that Ponnapula is not eligible for 212(c) relief, the very basis of the Court's departure from other Circuits. Emphasis added

Ponnapula was found guilty by a New York jury on December 20, 1994, but was not sentenced until July 8, 1997. Applying Perez, a "formal judgment of guilt" was entered against Ponnapula on July 8, 1997, three months after the effective date of IIRIRA.

It should be clear from the records of the proceedings before the Immigration Courts and Federal Courts in the case of Ponnapula, that Respondents' legal interpretation of INA §101(a)(48)(A) is arbitrary and capricious.[5]

Third, the Perez Court's reasoning is flawed and contrary to the history of how the phrase "formal judgment of guilt" evolved in immigration case law.

Petitioner can find no evidence in the legislative history of INA §101(a)(48)(A) that would support the conclusion reached by the Third Circuit in Perez.

The definition of conviction contained in 8 U.S.C. §1101(a)(48)(A) was enacted in 1996 when Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act. Prior to 1996, courts uniformly used the definition of "conviction" found in Matter of Ozkok, 19 I&N Dec. 546 (BIA 1988).

---

[5] Here you have two criminal aliens in a relatively similar situation, that is: Aliens were found guilty, but before sentencing, the Immigration laws changed. The USCIS interpreting 8 U.S.C §1101(a)(48)(A), in one case (Ponnapula) concluded that the "date of conviction" was the date Alien was found guilty. While in this case, interpreting the same statutory language concluded that Petitioner's "date of conviction" was the day he was sentenced by the court. The very essence of codifying the definition of "conviction" by Congress in 1996 was uniformity of application of immigration laws to criminal aliens.

Ozkok held that there was a conviction for immigration purposes if either of two tests was met. The first test, referred to as the "adjudication of guilt" test, could be satisfied if the court had "adjudicated the defendant guilty or entered a formal judgment of guilt." If the adjudication of guilt has been withheld, then the BIA applied the second test, referred to as the "deferred adjudication" test. Under the deferred adjudication test a conviction existed where all of the following three elements are present:

> (1)  a judge or jury had found the alien guilty or ...
>
> (2)  the judge has ordered some form of punishment be imposed; and
>
> (3)  a judgment or adjudication of guilt may be entered if the person violates the terms of his probation or ...

Matter of Ozkok, 19 I&N Dec. 546, 550 (BIA 1988)

Upon the enactment of the statutory definition of "conviction" in 1996, the only significant change from the Ozkok definition of "conviction" was the elimination of the third prong of the deferred adjudication test (second test) in Ozkok. Congress eliminated the third prong in an effort to clarify "Congressional intent that even in cases where adjudication is 'deferred,' the original finding or

confession of guilt is sufficient to establish a 'conviction' for purposes of the immigration laws." H.R. Conf. Rep. No. 828, 104th Cong., 2nd Sess. 1996, 1996 WL 5633320 at 496.

The phrase "formal judgment of guilt" has been part of the immigration lexicon since the BIA's decision in Matter of Ozkok, 19 I&N Dec. 546 (BIA 1988).

Petitioner submits that the phrases "adjudication of guilt" and "formal judgment of guilt" has been used interchangeably over the years by immigration courts.

The intent of Congress was to "broaden the scope of the definition of 'conviction' beyond that adopted by the Board of Immigration Appeals in Matter of Ozkok." H.R. Conf. Rep. No. 828, 104th Cong., 2nd Sess. 1996, 1996 WL 563320 at 496. If the phrase "adjudication of guilt" is no longer encompassed in the phrase "formal judgment of guilt" this would narrow the definition of conviction substantially and defeat Congressional intent.

The Perez court neither made any reference to Congressional intent nor analyzes the phrase "formal judgment of guilt" in relation to its historical origin or uses as stated in Matter of Ozkok, supra.

IV. CONCLUSION

Respondents' purported "Motion to Dismiss" is without merit as a matter of law, therefore, the motion should be denied.

Respondents have failed to show good cause why they did not answer or otherwise defend the action by June 11, 2004 as ordered by this Court.

Respondents' "Motion to Dismiss" even if considered as a motion in opposition to Petitioner's motion for judgment by default should fail, because the argument that USCIS interpretation of 8 U.S.C. §1101(a)(48)(A) as applied to Petitioner's date of conviction is correct, is without merit. The USCIS interpretation of 8 U.S.C. §1101(a)(48)(A) in this case is arbitrary and manifestly contrary to the plain meaning of the statute. Therefore, Petitioner is entitled to judgment as a matter of law.

WHEREFORE, Petitioner prays, that order issue granting his motion for judgment by default.

RESPECTFULLY SUBMITTED,

*[signature]*

Ade George Oyegbola
Petitioner, Pro Se
46 Birchwood Road U428
Randolph, MA 02368
Phone: (781) 963 0304
Email: Oyegbola@lancorltd.com

DATED: JULY 26, 2004

## CERTIFICATE OF SERVICE

I, Ade George Oyegbola, certify that on July 26, 2004, I caused a copy of the foregoing to be served by "Hand Delivery" to Michael P. Sady, AUSA, at U.S. Attorney's Office John Joseph Moakley U.S. Courthouse, Suite 9200 Boston, MA 02210

*[signature]*

Ade George Oyegbola
Petitioner, Pro Se