UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10318-RGS

ADE GEORGE OYEGBOLA

v.

TOM RIDGE, Secretary, DHS
JOHN ASHCROFT, Attorney General, USDOJ
EDUARDO AQUIRRE JR., Director, ASCUS
DENNIS RIORDAN, District Director-Boston, ASCUS

MEMORANDUM AND ORDER ON
RESPONDENTS' MOTION TO DISMISS

September 2, 2004

STEARNS, D.J.

A "conviction" of an aggravated felony by operation of the first prong of 8 U.S.C. § 1101(a)(48)(A), enters upon the entry of a formal judgment of guilt by the court setting forth the adjudication and the sentence. See Fed. R. Crim. P. 32(k)(1). If an adjudication of guilt is withheld, under the second prong of the definition the conviction is deemed to enter when "some form of punishment, penalty, or restraint" is imposed. Id. at 48(A)(i)(ii). Petitioner was sentenced on January 22, 1991, after entering a guilty plea to an aggravated felony on November 5, 1990. Final judgment entered on January 31, 1991. Because the first, and not the second, prong of the statutory definition applies in petitioner's case, he is ineligible for naturalization as his conviction occurred after November 29, 1990. 8 C.F.R. § 316.10(b)(1)(ii). See Griffiths v. United States, 243 F.3d 45, 53 (1st Cir. 2001) ("The structure of the statutory definition . . . requires that finding a formal judgment of guilt under the first prong of the definition entails a showing of something beyond a simple finding of guilt such as in the case-filed situation. Otherwise the reference in the second prong of the

statute to deferred adjudication where either a judge or a jury has 'found the alien guilty' would be rendered superfluous."). Petitioner's final argument that the government is estopped by the erroneous reference in an immigration document to his conviction "on or about November 5, 1990" does not raise an equitable concern of the magnitude that might trigger an estoppel against the Government, if such an estoppel were possible. See OPM v. Richmond, 496 U.S. 414, 419-423 (1990).

### ORDER

For the foregoing reasons, petitioner's motion for entry of default is DENIED. Respondents' motion to dismiss is ALLOWED.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE