09/03/04
Sky

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(BOSTON, MA)

**ADE GEORGE OYEGBOLA,**

**Petitioner**

vs.

**TOM RIDGE**, Secretary, DHS
**JOHN ASHCROFT**, Attorney General, USDOJ
**EDUARDO AQUIRRE JR.**, Director, USCIS
**DENNIS RIORDAN**, District Director-Boston, USCIS

**Respondents**

**C.A.NO. 04-10318-RGS**

USCIS # A028-408-457

**MOTION FOR RECONSIDERATION OF THIS COURT'S
MEMORANDUM AND ORDER ON RESPONDENTS' MOTION TO DISMISS**

This Court's conclusion that "Petitioner's final argument that the government is estopped by the erroneous reference in an immigration document to his conviction 'on or about November 5, 1990' ..." is based on an inadvertent characterization of the USCIS charging document as an ordinary immigration document and the statutory binding decisions of Immigration Judges on DHS Officers as a request for equitable estoppel.

Further, the question before this Court cannot be "what is Petitioner's date of conviction," because that question was answered by the Immigration Court on June 6, 2003 and the answer is statutorily binding upon Respondents.

I. **THE IMMIGRATION DOCUMENT FOR INITIATING THE REMOVAL OF AN ALIEN FROM THE UNITED STATES IS CALLED "NOTICE TO APPEAR"**

The immigration document this Court characterized as containing "erroneous reference" is the Notice to Appear issued by the Respondents.

A removal proceeding before an Immigration Court begins by the Respondents serving an alien with a "Notice to Appear" and filing same with the Immigration Court having jurisdiction of the Alien. The Notice to Appear **shall** explain the nature of the proceedings, specifies deportability and recites factual allegations. See 8 U.S.C §1229(a); 8 C.F.R §1239(a) and IIRIRA §304.

8 U.S.C. §1229(a) Notice to Appear states as follows:

> 1) In general
> In removal proceedings under section 1229a of this title, written notice (in this section referred to as a "notice to appear") shall be given in person to the alien ... specifying the following:

>   (A) The nature of the proceedings against the alien.
>   (B) The legal authority under which the proceedings are conducted.
>   (C) The acts or conduct alleged to be in violation of law.
>   (D) The charges against the alien and the statutory provisions alleged to have been violated. .

8 U.S.C §1229(a); 8 C.F.R §1239(a)

In short, the Notice to Appear filed with Immigration Court is the equivalent of a criminal indictment filed in a District Court to begin a criminal prosecution. During a "Master Calendar" hearing the Immigration Judge is required to follow 8 C.F.R §1240.10 which states in part:

>   8 C.F.R §1240.10(a) <u>Opening</u>. In a removal proceeding, the immigration judge **shall**:
>
>   (4) Advise the respondent that he or she will have a reasonable opportunity to examine and object to the evidence against him or her, to present evidence in his or her own behalf and to cross-examine witnesses presented by the government ...;
>
>   (5) Place the respondent under oath;
>
>   (6) <u>Read the factual allegations and the charges in the notice to appear to the respondent and explain them in non-technical language</u>; and
>
>   (7) Enter the notice to appear as an exhibit in the Record of Proceeding.

8 C.F.R §1240.10(a)(2003)(Emphasis Added)

Further, 8 C.F.R §1240.10(c) provides:

>Pleading by respondent. **The immigration judge shall require the respondent to plead to the notice to appear by stating whether he or she admits or denies the factual allegations** and his or her removability under the charges contained therein. If the respondent admits the factual allegations and admits his or her removability under the charges and the immigration judge is satisfied that no issues of law or fact remain, the immigration judge may determine that removability as charged has been established by the admissions of the respondent. ... When, pursuant to this paragraph, the immigration judge does not accept an admission of removability, he or she shall direct a hearing on the issues.

Notice to Appear is the statutorily mandated official charging document of USCIS, the factual content may not be collaterally challenged in this Court. The Respondents cannot present any evidence to this court to justify the conclusion that there was an error in the Notice to Appear.

II. **THE BURDEN IS ON THE USCIS TO ESTABLISH DEPORTABILITY AS CHARGED IN THE "NOTICE TO APPEAR" BY "CLEAR AND CONVICNING EVIDENCE"**

The immigration document this Court characterized as containing "erroneous reference" is the Notice to Appear filed by the Respondents with the Immigration Court and upon which the Immigration Judge decided Petitioner's removability and entitlement to relief from deportation.

It is well settled that in a deportation proceedings the burden is on the USCIS to establish the factual and statutory basis for the deportation as charged in the Notice to Appear. See 8 U.S.C §1229a which states as follows:

> (c) Decision and burden of proof
>     (3) Burden on service in cases of deportable aliens
>         (A) In general
>         In the proceeding the Service has the burden of establishing by clear and convincing evidence that, in the case of an alien who has been admitted to the United States, the alien is deportable. <u>No decision on deportability shall be valid unless it is based upon reasonable, substantial, and probative evidence.</u>

8 U.S.C §1229a(c)(3)(A)(2003)

The factual allegation stated in the Notice to Appear is the bedrock upon which the Alien basis his or her defense to the deportability charge. An erroneous fact in the Notice to Appear is fatal to the USCIS's deportability charge. See 8 U.S.C §1229a which states as follows:

> (c) Decision and burden of proof
>     (1) Decision
>         (A) In general
>         At the conclusion of the proceeding the immigration judge shall decide whether an alien is removable from the United States. <u>The determination of the immigration judge shall be based only on the evidence produced at the hearing.</u>

8 U.S.C §1229a(c)(1)(A)(2003) **(Emphasis Added)**

The Respondents may not use a set of facts alleged in the Notice to Appear in an effort to deport Petitioner and now turn around and argue against the same set of facts before this court.

III. **THE FINDING AND RULING BY AN IMMIGRATION JUDGE IS BINDING ON ALL OFFICERS, EMPLOYEES AND AGENTS OF THE DEPARTMENT OF HOMELAND SECURITY**

On June 6, 2003 before Immigration Judge Leonard I. Shapiro, in the removal proceeding of Petitioner, both parties agreed that Petitioner's date of conviction was November 5, 1990 as charged in the Notice to Appear.

The Immigration Judge made the finding that Petitioner was convicted on November 5, 1990. Respondents waived their right to appeal the decision of the Immigration Judge. The waiver of appeal by the Respondents means that the decision of the Immigration Judge is the decision of the Board of Immigration Appeals and constitutes final Administrative Action binding on Respondents. **(Emphasis Added)**

The findings and ruling by the Immigration Judge is binding on all Officers, employees and agents of Department of Homeland Security Bureaus. See 8 C.F.R §1003.1(g)

> (g) <u>Decisions as precedents</u>. Except as Board decisions may be modified or overruled by the Board or the

Attorney General, **decisions of the Board, and decisions of the Attorney General, shall be binding on all officers and employees of the Department of Homeland Security** or immigration judges in the administration of the immigration laws of the United States...

8 C.F.R §1003.1(g)(2003) **(Emphasis Added)**

The Respondents may not come to this court to argue against the finding and decision of the Immigration Judge.

This Court inadvertently concluded that Petitioner is seeking relief in the nature of equitable estoppel, but this is not so. The Immigration Judge, with the concurrence of Respondents, concluded that Petitioner was convicted on November 5, 1990 as charged in the Notice to Appear.

The decision of the Immigration Judge on June 6, 2003 is binding upon all Respondents, therefore, they are barred by statutory regulation.

Further, as the Fifth Circuit stated in Medina v. INS, 1 F.3d 312, 313 (5th Cir. 1993): Few legal doctrines are more intrinsic or necessary in our system than res judicata. That doctrine, which provides that a valid and final judgment precludes a second suit between the same parties on the same claim or any part thereof, ensures that litigation will come to an end. Medina v. INS, 1 F.3d 312, 313 (5th Cir. 1993) Medina warns, carving out a large

exception to the res judicata doctrine "would allow the agency to eschew direct appeal-either inadvertently, through error, or consciously as a strategic decision-then years later, collaterally attack decisions of immigration judges."

## IV.  CONCLUSION

In fact, the Notice to Appear was issued after Respondents denied Petitioner's Naturalization application and Petitioner requested administrative review, therefore, the date of conviction stated in the Notice to Appear cannot be considered an "erroneous reference".

Respondents do not have standing before this Court to address the issue of Petitioner's date of conviction. This issue was put to rest by the decision of the Immigration Court on June 6, 2003.

The proceeding to challenge the decision of an Immigration Judge is by filing an appeal to the Board of Immigration Appeals. The Respondents waived their right of appeal during Petitioner's deportation proceedings and Respondents cannot now indirectly collaterally attack their own decision during the deportation proceedings before this

Court. The validity of the factual content of the Notice to Appear is not and cannot be placed before this Court.

Petitioner respectfully submits that this Court must accept the factual allegations as contained in the Notice to Appear as the legally binding position of the Respondents.

WHEREFORE, Petitioner respectfully asks the Court to reconsider its decision allowing Respondents' Motion to Dismiss and denying Petitioner's request for judgment in his favor.

RESPECTFULLY SUBMITTED,

_____
Ade George Oyegbola
Petitioner, Pro Se
46 Birchwood Road U428
Randolph, MA 02368
Phone: (781) 963 0304
Email: Oyegbola@lancorltd.com

**DATED: SEPTEMBER 03, 2004**

**CERTIFICATE OF SERVICE**

I, Ade George Oyegbola, certify that on September 03, 2004, I caused a copy of the foregoing to be served by "Hand Delivery" to Michael P. Sady, AUSA, at U.S. Attorney's Office John Joseph Moakley U.S. Courthouse, Suite 9200 Boston, MA 02210

_____
Ade George Oyegbola
Petitioner, Pro Se