SCANNED
DATE: 06/28/04
BY: SLY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(BOSTON, MA)



FILED
IN CLERKS OFFICE

2004   P 12:04
6/28/04
U.S. DISTRICT COURT
DISTRICT OF MASS.

**ADE GEORGE OYEGBOLA,**

                               **Petitioner**

vs.

**C.A.NO. 04-10318-RGS**

**TOM RIDGE,** Secretary, DHS
**JOHN ASHCROFT,** Attorney General, USDOJ
**EDUARDO AQUIRRE JR.,** Director, USCIS
**DENNIS RIORDAN,** District Director, Boston, USCIS

USCIS # A028-408-457



SCANNED

DATE: 06/28/04

BY: SICY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(BOSTON, MA)



FILED
IN CLERKS OFFICE

2004 [handwritten] P 12:04
6/28/04

U.S. DISTRICT COURT
DISTRICT OF MASS.

**ADE GEORGE OYEGBOLA,**

**Petitioner**

vs.

**TOM RIDGE,** Secretary, DHS
**JOHN ASHCROFT,** Attorney General, USDOJ
**EDUARDO AQUIRRE JR.,** Director, USCIS
**DENNIS RIORDAN,** District Director-Boston, USCIS
**Respondents**

**C.A.NO. 04-10318-RGS**

USCIS # A028-408-457

## MEMORANDUM OF POINTS AND AUTHORITHIES IN SUPPORT OF PETITIONER'S MOTION FOR JUDGMENT BY DEFAULT FED.R.CIV.P RULE 55

Federal Rule of Civil Procedures Rule 55(b)(2) states that if the party against whom affirmative relief or judgment is sought fails to plead or otherwise defend, the party entitled to judgment by default shall apply to the Court thereof. However, Civil Rule 55(e) states that "No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court."

As more fully stated below, Petitioner is entitled to relief by default judgment.

## I.    STATEMENT OF THE ISSUE

The only issue presented in the Amended Petition before the Court is:

In pursuant to Title 8 U.S.C §1101(a)(48)(A), on what date was Petitioner considered convicted during his criminal prosecution in the United States District Court for the District of Massachusetts?

If Petitioner's "conviction" occurs on or after November 29, 1990, then Petitioner is statutorily barred from establishing good moral character and can never be Naturalized. However, if Petitioner's "conviction" occurred before November 29, 1990, Petitioner is eligible for Naturalization.

## II.    IMMIGRATION STATUTES IMPLICATED IN THIS PETITION

A.    Statutory Bar to establishing "Good Moral Character"

Title 8 Code of Federal Regulations Section 316.10

(b) Finding of a lack of good moral character.

(1) An applicant shall be found to lack good moral character, if the applicant has been:

(i) Convicted of murder at any time; or

(ii) Convicted of an aggravated felony as
defined in Section **101(a)(43)** of the Act on
or after November 29, 1990.

See also Immigration Act of 1990 INA Pub.L.101-649 Subtitle

A Section 509(a)

B.    Statutory Definition of Conviction

Title 8 U.S.C §1101(a)

(48)(A) The term "conviction" means, with respect to
an alien, a formal judgment of guilt of the alien
entered by a court or, if adjudication of guilt has
been withheld, where –
    (i) a judge or jury has found the alien guilty or
    the alien has entered a plea of guilty or nolo
    contendere or has admitted sufficient facts to
    warrant a finding of guilt, and
    (ii) the judge has ordered some form of
    punishment, penalty, or restraint on the alien's
    liberty to be imposed.

See INA Section 101(a)(48)(A)

## III. STATEMENT OF RELEVANT FACTS

### A.    Petitioner's Criminal Prosecution

On November 05, 1990, before Honorable Walter Jay

Skinner, District Judge, Petitioner pled guilty to a two-

count indictment and the Judge in pursuant to Fed.R.Crim.P.

Rule 11 accepted Petitioner's pleas and set disposition for

January 21, 1991. (See Amended Petition Exhibit 6

"Certified Court Records")

On January 22, 1991 in pursuant to Fed.R.Crim.P. Rule 32, Petitioner was sentenced to 21 months imprisonment; 24 months supervised release, $100 fine and ordered to pay $178,960 in restitution. (See Amended Petition Exhibit 6 "Certified Court Records") Petitioner was released from Federal Custody in March 1992.

This prosecution represents the first and only brush with the criminal justice system by the petitioner.

### B.    Petitioner's Naturalization & Removal Proceedings

In Summary, Petitioner filed his Naturalization application on February 25, 1997. The Respondents conducted the examination on October 23, 2000. A decision denying the application on statutory grounds was issued on February 05, 2001. Petitioner filed for a review of the decision, and a hearing was conducted on May 22, 2001.

While awaiting a decision, on April 25, 2002, Petitioner was placed in removal proceedings as an inadmissible alien. On September 19, 2002 Petitioner filed for INA Section 212(c) relief in the Immigration Court. On June 6, 2003, hearing on Petitioner's 212(c) application was heard before Immigration Judge Leonard I. Shapiro. Following vigorous examination by the Respondents' Attorney

and the Judge, Petitioner's application was granted.

Respondents concurred in the decision and waived their

right to appeal the decision.

On May 13, 2004, the Respondents issued a final

administrative decision, to wit:

> A review of your application and supporting documents
> and evidence shows that, on November 5, 1990, you
> changed your plea from not guilty to guilty on both
> counts of misapplication of bank funds. The court
> accepted the plea changes and on January 22, 1991,
> imposed a twenty-one (21) month prison term, to be
> followed by twenty-four (24) months of supervised
> probation and a special assessment of $100.

> Your actual date of conviction on the aggravated
> felonies – the date the judge "ordered some form of
> punishment, penalty, or restraint on the alien's
> liberty" – therefore, was January 22, 1991. As such
> you are not eligible for naturalization, since the
> aggravated felony convictions in question occurred
> after November 29, 1990.

> Accordingly, the original decision of February 5,
> 2001, to deny your application, has been affirmed.
> This action constitutes a final administrative denial
> of your naturalization application.

(See Amended Petition Exhibit 5)

All proceeding relating to the naturalization process

are more fully detailed in Petitioner's Original Petition

and Complaint, and the Amended Petition for Hearing on

Naturalization Application items 10-17.

## IV.   SUMMARY OF THE ARGUMENT

An interpretation of 8 U.S.C §1101(a)(48)(A) to mean that an alien who pled guilty and for whom the guilty plea was accepted by the Judge in a Federal Criminal proceedings is not considered "convicted" until sentence is imposed by the Court is erroneous and without legal merit.

Therefore, Petitioner's date of "conviction" for Naturalization purposes is November 05, 1990, the day his guilty pleas were accepted by the presiding Judge during his criminal prosecution and Petitioner is not statutorily barred from establishing good moral character.

## V.   STANDARD OF REVIEW

An Agency's interpretation of a statute is a question of law subject to de novo review by this Court. See INS v. Aguirre-Aguirre, 526 U.S. 415, 424-425 (1999) In construing the meaning of a statute, there exists a strong presumption that the Congressional intent is expressed in the ordinary meaning of the words used in the statute. Ardestani v. INS, 502 U.S. 129, 135-136 (1991) "If the intent of Congress is clear, that is the end of the matter, for the Court must give effect to the unambiguously expressed intent of Congress." Norfolk Western Railway v. American Train

Dispatchers, 499 U.S. 117, 128 (1991) Under the plain
meaning of Title 8 U.S.C. §1101(a)(48)(A), Petitioner's
date of "conviction" was November 05, 1990, the day the
Court accepted his pleas of guilty.

## VI.   ARGUMENT

**A** CONVICTION OCCURS PRIOR TO THE IMPOSITION OF SENTENCE IN
FEDERAL CRIMINAL PROCEEDINGS. **THE RESPONDENTS'** INTERPRETATION
OF 8 U.S.C. §1101(a)(48)(A) TO REQUIRE THE COURT TO LEVY
SOME FORM OF "PUNISHMENT, PENALTY, OR RESTRAINT ON THE
ALIEN'S LIBERTY" IN ADDITION TO THE ACCEPTED GUILTY PLEA TO
CONSTITUTE A "CONVICTION" IS CLEARLY ERRONEOUS.

### a.   There is a two prong test for the definition of conviction pursuant to 8 U.S.C. §1101(a)(48)(A)

The Respondents' decision on May 13, 2004 is not clear
which prong of the statutory definition of conviction was
applied to Petitioner's criminal record to establish the
date of conviction. The conclusion that Petitioner was not
considered convicted until the court places a form of
"punishment, penalty, or restraint on the alien's liberty"
tends to point to the application of the second prong in
the statute, but the inclusion of Petitioner's guilty pleas
as additional condition portend to suggest a commingling of
statutory conditions. The Respondents position strains the
literal language of the "or, if" proviso in the statutory
definition of conviction.

SCANNED
DATE: 06/28/04
BY: SKY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(BOSTON, MA)



FILED
IN CLERK'S OFFICE

2004 ████ P 12: 04
6/28/04
U.S. DISTRICT COURT
DISTRICT OF MASS.

**ADE GEORGE OYEGBOLA,**

                     **Petitioner**

vs.

**TOM RIDGE**, Secretary, DHS
**JOHN ASHCROFT**, Attorney General, USDOJ
**EDUARDO AQUIRRE JR.**, Director, USCIS
**DENNIS RIORDAN**, District Director-Boston, USCIS
                     **Respondents**

**C.A.NO. 04-10318-RGS**

USCIS # A028-408-457

---

## MEMORANDUM OF POINTS AND AUTHORITHIES IN SUPPORT OF PETITIONER'S MOTION FOR JUDGMENT BY DEFAULT
### FED.R.CIV.P RULE 55

      Federal Rule of Civil Procedures Rule 55(b)(2) states that if the party against whom affirmative relief or judgment is sought fails to plead or otherwise defend, the party entitled to judgment by default shall apply to the Court thereof. However, Civil Rule 55(e) states that "No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court."

      As more fully stated below, Petitioner is entitled to relief by default judgment.

## I.    STATEMENT OF THE ISSUE

The only issue presented in the Amended Petition before the Court is:

In pursuant to Title 8 U.S.C §1101(a)(48)(A), on what date was Petitioner considered convicted during his criminal prosecution in the United States District Court for the District of Massachusetts?

If Petitioner's "conviction" occurs on or after November 29, 1990, then Petitioner is statutorily barred from establishing good moral character and can never be Naturalized. However, if Petitioner's "conviction" occurred before November 29, 1990, Petitioner is eligible for Naturalization.

## II.   IMMIGRATION STATUTES IMPLICATED IN THIS PETITION

A.    Statutory Bar to establishing "Good Moral Character"

Title 8 Code of Federal Regulations Section 316.10

(b) Finding of a lack of good moral character.

> (1) An applicant shall be found to lack good moral character, if the applicant has been:
>
>> (i) Convicted of murder at any time; or

> (ii) Convicted of an aggravated felony as
> defined in Section **101(a)(43)** of the Act on
> or after November 29, 1990.

See also Immigration Act of 1990 INA Pub.L.101-649 Subtitle

A Section 509(a)

    B.   Statutory Definition of Conviction

Title 8 U.S.C §1101(a)

> (48)(A) The term "conviction" means, with respect to
> an alien, a formal judgment of guilt of the alien
> entered by a court or, if adjudication of guilt has
> been withheld, where –
>> (i) a judge or jury has found the alien guilty or
>> the alien has entered a plea of guilty or nolo
>> contendere or has admitted sufficient facts to
>> warrant a finding of guilt, and
>> (ii) the judge has ordered some form of
>> punishment, penalty, or restraint on the alien's
>> liberty to be imposed.

See INA Section 101(a)(48)(A)

## III. STATEMENT OF RELEVANT FACTS

### A.   Petitioner's Criminal Prosecution

On November 05, 1990, before Honorable Walter Jay

Skinner, District Judge, Petitioner pled guilty to a two-

count indictment and the Judge in pursuant to Fed.R.Crim.P.

Rule 11 accepted Petitioner's pleas and set disposition for

January 21, 1991. (See Amended Petition Exhibit 6

"Certified Court Records")

On January 22, 1991 in pursuant to Fed.R.Crim.P. Rule
32, Petitioner was sentenced to 21 months imprisonment; 24
months supervised release, $100 fine and ordered to pay
$178,960 in restitution. (See Amended Petition Exhibit 6
"Certified Court Records") Petitioner was released from
Federal Custody in March 1992.

This prosecution represents the first and only brush
with the criminal justice system by the petitioner.

### B.    Petitioner's Naturalization & Removal Proceedings

In Summary, Petitioner filed his Naturalization
application on February 25, 1997. The Respondents conducted
the examination on October 23, 2000. A decision denying the
application on statutory grounds was issued on February 05,
2001. Petitioner filed for a review of the decision, and a
hearing was conducted on May 22, 2001.

While awaiting a decision, on April 25, 2002,
Petitioner was placed in removal proceedings as an
inadmissible alien. On September 19, 2002 Petitioner filed
for INA Section 212(c) relief in the Immigration Court. On
June 6, 2003, hearing on Petitioner's 212(c) application
was heard before Immigration Judge Leonard I. Shapiro.
Following vigorous examination by the Respondents' Attorney

and the Judge, Petitioner's application was granted.

Respondents concurred in the decision and waived their

right to appeal the decision.

On May 13, 2004, the Respondents issued a final

administrative decision, to wit:

> A review of your application and supporting documents
> and evidence shows that, on November 5, 1990, you
> changed your plea from not guilty to guilty on both
> counts of misapplication of bank funds. The court
> accepted the plea changes and on January 22, 1991,
> imposed a twenty-one (21) month prison term, to be
> followed by twenty-four (24) months of supervised
> probation and a special assessment of $100.

> Your actual date of conviction on the aggravated
> felonies – the date the judge "ordered some form of
> punishment, penalty, or restraint on the alien's
> liberty" – therefore, was January 22, 1991. As such
> you are not eligible for naturalization, since the
> aggravated felony convictions in question occurred
> after November 29, 1990.

> Accordingly, the original decision of February 5,
> 2001, to deny your application, has been affirmed.
> This action constitutes a final administrative denial
> of your naturalization application.

(See Amended Petition Exhibit 5)

All proceeding relating to the naturalization process

are more fully detailed in Petitioner's Original Petition

and Complaint, and the Amended Petition for Hearing on

Naturalization Application items 10-17.

## IV.  SUMMARY OF THE ARGUMENT

An interpretation of 8 U.S.C §1101(a)(48)(A) to mean that an alien who pled guilty and for whom the guilty plea was accepted by the Judge in a Federal Criminal proceedings is not considered "convicted" until sentence is imposed by the Court is erroneous and without legal merit.

Therefore, Petitioner's date of "conviction" for Naturalization purposes is November 05, 1990, the day his guilty pleas were accepted by the presiding Judge during his criminal prosecution and Petitioner is not statutorily barred from establishing good moral character.

## V.  STANDARD OF REVIEW

An Agency's interpretation of a statute is a question of law subject to de novo review by this Court. See INS v. Aguirre-Aguirre, 526 U.S. 415, 424-425 (1999) In construing the meaning of a statute, there exists a strong presumption that the Congressional intent is expressed in the ordinary meaning of the words used in the statute. Ardestani v. INS, 502 U.S. 129, 135-136 (1991) "If the intent of Congress is clear, that is the end of the matter, for the Court must give effect to the unambiguously expressed intent of Congress." Norfolk Western Railway v. American Train

Dispatchers, 499 U.S. 117, 128 (1991) Under the plain meaning of Title 8 U.S.C. §1101(a)(48)(A), Petitioner's date of "conviction" was November 05, 1990, the day the Court accepted his pleas of guilty.

## VI. ARGUMENT

**A** CONVICTION OCCURS PRIOR TO THE IMPOSITION OF SENTENCE IN FEDERAL CRIMINAL PROCEEDINGS. THE RESPONDENTS' INTERPRETATION OF 8 U.S.C. §1101(a)(48)(A) TO REQUIRE THE COURT TO LEVY SOME FORM OF "PUNISHMENT, PENALTY, OR RESTRAINT ON THE ALIEN'S LIBERTY" IN ADDITION TO THE ACCEPTED GUILTY PLEA TO CONSTITUTE A "CONVICTION" IS CLEARLY ERRONEOUS.

### a.    There is a two prong test for the definition of conviction pursuant to 8 U.S.C. §1101(a)(48)(A)

The Respondents' decision on May 13, 2004 is not clear which prong of the statutory definition of conviction was applied to Petitioner's criminal record to establish the date of conviction. The conclusion that Petitioner was not considered convicted until the court places a form of "punishment, penalty, or restraint on the alien's liberty" tends to point to the application of the second prong in the statute, but the inclusion of Petitioner's guilty pleas as additional condition portend to suggest a commingling of statutory conditions. The Respondents position strains the literal language of the "or, if" proviso in the statutory definition of conviction.

Further, Respondents failed to cite any authority for their interpretation and show anywhere in the record, where the presiding judge in the criminal proceedings "withheld" adjudicating Petitioner's guilt. To the contrary, the record is unambiguously clear "a formal judgment of guilt" was entered against Petitioner on November 5, 1990 when the Court accepted his guilty pleas.

### c.   In Federal Criminal proceedings, an accepted guilty plea is a formal judgment of guilt.

The first test in the statutory definition of "conviction" was met on November 05, 1990 in the case of Petitioner's eligibility for Naturalization. The certified court record shows that on November 05, 1990 Petitioner was adjudged guilty by the court upon his plea of guilty.

Once an adjudication of guilt has been made, the first test in 8 U.S.C §1101(a)(48)(A) has been met and there exists a conviction. See Dickerson v. New Banner Institute, 460 U.S. 103, 113-114 (1983)("[a] plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence."); See also Kercheval v. United States, 274 U.S. 220, 223 (1927).

Page 9 of 14

## VII. PETITIONER HAS ESTABLISHED A PRIMA FACIE ELIGIBILITY FOR NATURALIZATION NO HEARING IS REQUIRED

To become a naturalized citizen, an applicant must meet **eight** basic requirements. These requirements can be found in the Immigration and Nationality Act (INA) §§ 312 through 337 and 8 Code of Federal Regulations (CFR) §§ 310 through 331. The eight requirements are that an applicant must:

1.   **Be a lawful permanent resident** - There is no dispute that Petitioner is a lawful permanent resident.

2.   **Be at least 18 years old -** There is no dispute that Petitioner is a 42 year old male.

3.   **Be able to read, write, and speak English** - There is no dispute that Petitioner has demonstrated sufficient ability to read, write and speak English.

4.   **Be able to demonstrate knowledge sufficient to pass a test on U.S. history and government** - There is no dispute that Petitioner has passed the test on U.S. history and government.

5.   **Have been a permanent residence in the United States** - There is no dispute that Petitioner has resided continuously in the U.S. as a lawful permanent resident for the last five years immediately prior to applying for

naturalization; There is no dispute that Petitioner has
resided in Massachusetts and the USCIS district where his
application was filed for the three months immediately
prior to applying for naturalization; There is no dispute
that Petitioner has continuously resided in the U.S. from
the date of filing the application until today.

6.    **Never have disrupted the continuity of residence
in the United States during any of the last five years** —
There is no dispute that Petitioner has been physically
present in the U.S. for at least half of the five-year
residence period immediately prior to submitting the
application

7.    **Have good moral character** — Establishing "good
moral character" is a two-step process. First, Petitioner
must prove that under the statute, he is not disqualified
from showing good moral character. In other words,
demonstrate that he is not statutorily barred. Second, the
applicant must show that he really does have good moral
character.

a.    As more fully briefed above, Petitioner has
established that he is not statutorily barred from
establishing good moral character.

b.    The issued of Petitioner's actual good moral character was fully litigated by both parties before an Immigration Judge on June 6, 2003.[1] There is no dispute that the Immigration Judge found petitioner to have establish good moral character beyond the statutorily required 5 year period. And Petitioner continues to be a person of good moral character.

8.    **Take a loyalty oath to the U.S. and be attached to the principles of the U.S. Constitution** – There is no dispute that petitioner is attached to the principles of the Constitution of the United States and will take the oath of loyalty to the United States, without any reservation.

---

[1]    Respondents are barred by the doctrine of Res judicata from relitigating Petitioner's good moral character. Res judicata is a judicially constructed doctrine based on three policy considerations: (1) avoiding the cost of multiple lawsuits, (2) conserving judicial resources, and (3) preventing inconsistent outcomes. Bay State HMO Management, Inc. v. Tingley Systems, Inc., 181 F.3d 174, 181 (1st Cir. 1999). During Petitioner's Removal Proceeding, both parties litigated Petitioner's entitlement to relief under INA §212(c). Section 212(c) discretionary relief requires the showing of "rehabilitated good moral character" without any limitation on the period of review and is governed by BIA precedent decision in the Matter of Marin 16 I & N Dec. 581 (1978).

WHEREFORE, Petitioner, Ade George Oyegbola, pro se, having established a right to relief in pursuant to Fed.R.Civ.P. Rule 55(e), prays that judgment issue against the Respondents as follows:

1.    Declare that Petitioner's date of conviction was November 05, 1990.

2.    Declare that Petitioner is eligible for Naturalization.

3.    Set Aside the decision of Respondents and enter Judgment approving Petitioner's Application for Naturalization.

5.    Issue an Order, directing the Clerk of Court to schedule an Oath ceremony before the Court.

6.    Issue an Order directing Respondents to produce Petitioner's Naturalization Certificate and deliver same to the Clerk of this Court within 14 days of this order.

7.    Any other relief to which Petitioner may be entitled.

**Dated: June 28, 2004**                RESPECTFULLY SUBMITTED,

_____

Ade George Oyegbola
Petitioner, Pro Se

Page 13 of 14

46 Birchwood Road U428
Randolph, MA 02368
Phone: (781) 963 0304
Email: Oyegbola@lancorltd.com

## CERTIFICATE OF SERVICE

I, Ade George Oyegbola, certify that on June 28, 2004,
I caused a copy of the foregoing Memorandum of Points and
Authorities In Support of Motion for Judgment by Default to
be served by "Hand Delivery" to Michael Sady, AUSA, at U.S.
Attorney's Office John Joseph Moakley U.S. Courthouse,
Suite 9200 Boston, MA 02210

Ade George Oyegbola
Petitioner, Pro Se

Page 14 of 14

**b.    The second prong "if adjudication of guilt has been withheld" is inapplicable to conviction from a Federal Criminal Prosecution.**

Respondents contends, in their decision, that while Petitioner's guilty pleas where accepted by the court on November 5, 1990, Petitioner was not considered convicted on that day. Respondents claim a conviction did not occur in this case until the Court imposed a sentence on the Petitioner on January 22, 1991.

The Respondents claim in their decision that the correct interpretation of 8 U.S.C. §1101(a)(48)(A) requires the court to levy some form of "punishment, penalty, or restraint on the alien's liberty" in addition to the guilt plea to constitute a "conviction." (See Amended Petition Exhibit 5) In fact, to constitute a "conviction" for immigrations purposes the Court is not required to levy some form of "punishment, penalty, or restraint on the alien's liberty" unless the "adjudication of guilt has been withheld."

Not a word in any Federal Statute or any provision of the Federal Rules of Criminal Procedure provides any basis for a Federal Judge to withhold adjudication of guilt.

Page 8 of 14