# United States Court of Appeals
## For the First Circuit

No. 04-2364

**MANDATE**

ADE GEORGE OYEGBOLA,

Petitioner, Appellant,

v.

TOM RIDGE, DIRECTOR OF HOMELAND SECURITY, ET AL.

Respondents, Appellees.

Before

Selya, Lynch, and Lipez, <u>Circuit Judges</u>.

JUDGMENT

Entered: July 22, 2005

Respondents-appellees move for summary disposition of this appeal from the district court's dismissal of a petition for review which challenged the denial of an application for naturalization. The application was denied based on a finding that petitioner's prior conviction for Misapplication of Bank Funds rendered him ineligible for naturalization pursuant to 8 C.F.R. § 316.10(b)(1)(ii). There appears to be no dispute that petitioner would have been eligible for naturalization if his conviction had occurred prior to November 29, 1990. See id. Although petitioner pled guilty to the offense prior to November 29, 1990, he was sentenced and judgment was entered after that date. Accordingly, petitioner argues that, for immigration purposes, the date of his guilty plea should be considered the date of the prior conviction.

Petitioner first contends that appellees are barred by the doctrines of res judicata or collateral estoppel from arguing that the date of his prior conviction was any later than the date of his guilty plea. This argument is without merit; since petitioner was charged as removable under § 212(a)(2)(A)(i)(I) of the Immigration and Naturalization Act ("INA") because he had admitted to having committed acts which constituted a crime of moral turpitude, the date of the prior conviction was not in issue or material to the removal proceedings. Accordingly, neither res judicata or collateral estoppel are applicable in the circumstances of this

case. See Gonzalez-Pina v. Rodriguez, 407 F.3d 425, 429-30 (1st Cir. 2005).

Equally meritless is petitioner's argument that he was not provided an adequate opportunity to litigate the question whether the date of conviction cited in documents filed in the removal proceedings was erroneous; the determination of the actual date of the conviction is the central issue presented in the petition seeking judicial review.

Finally, petitioner contends that his guilty plea supplies the relevant date of conviction for immigration purposes. This argument is inconsistent with the plain language of the definition of "conviction" under INA § 101(a)(48)(A), 8 U.S.C. § 1101(a)(48)(A). Since there is no dispute that petitioner's conviction was finally adjudicated and that a sentence was imposed, petitioner's conviction occurred when "a formal judgment of guilt" was "entered by [the] court." Id. We have previously held that "finding a formal judgment of guilt under [this] . . . definition entails a showing of something beyond a simple finding of guilt." Griffiths v. INS, 243 F.3d 45, 53 (1st Cir. 2001). Accordingly, we agree with the district court's determination that petitioner's guilty plea did not qualify as a "conviction" within the meaning of the INA. Since both sentencing and the entry of final judgment in the criminal proceedings occurred after November 29, 1990, petitioner was ineligible for naturalization under 8 C.F.R. § 316.10(b)(1)(ii).

The motion for summary disposition is *granted* and the district court's dismissal of the petition is *affirmed*. See 1st Cir. Loc. R. 27(c).

By the Court:

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk.

Richard Cushing Donovan, Clerk

MARGARET CARTER

Deputy Clerk

By: _____
Chief Deputy Clerk.

Date: SEP 12 2005

[cc: Messrs: Van-Lare and Sady]